# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF TEXAS

U.S.A. vs. Jamie Lee Bloys                                                                             Docket No. 4:25CR210-6

### Petition for Action on Conditions of Pretrial Release

COMES NOW Robert Lopez, PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Jamie Lee Bloys, who was placed under pretrial release supervision by the Honorable John R. Parker sitting in the Court in San Angelo, Texas, on October 31, 2025. On November 7, 2025, the defendant appeared for arraignment before U.S. Magistrate Judge Bill Davis and was released on previously set conditions of pretrial release, which are as follows:

(1)      The defendant must not violate federal, state, or local law while on release.
(2)      The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. 14135.
(3)      The defendant must advise the Court or the pretrial services office or supervising office in writing before any change of residence or telephone number.
(4)      The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court has imposed.
(5)      The defendant must sign an Appearance Bond, if ordered.

**The defendant must:**
(7)(a)    submit to supervision by and report for supervision to the Pretrial Services Office as directed.
(7)(b)    continue or actively seek employment.
(7)(e)    not obtain a passport or other international travel document.
(7)(f)     abide by the following restrictions on personal association, residence, or travel: Travel is restricted to the Northern and Eastern Districts of Texas unless approved by the Court or the U.S. Probation and Pretrial Service officer.
(7)(g)    avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: Co-Defendants, with the exception of Lonnie Lee Bloys, whom he may not discuss the case.
(7)(k)    not possess a firearm, destructive device, or other weapon.
(7)(l)     not use alcohol excessively.
(7)(m)   not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed to you by a licensed medical practitioner.
(7)(n)    submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

(7)(o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

(7)(s)  report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

**CONDITIONS VIOLATED:**

(1)  The defendant must not violate federal, state, or local law while on release.

(7)(m)  The defendant must not use or unlawfully process a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

**DETAILS OF THE VIOLATIONS:**

The defendant appeared in the Northern District of Texas, San Angelo Division, for an initial appearance on October 31, 2025, and he was released on bond with conditions of pretrial release that same day. The defendant has been supervised on courtesy supervision in the Northern District of Texas since that time.

On December 22, 2025, the supervising officer in the Northern District of Texas advised the defendant tested positive for amphetamine on December 9, 2025. The defendant admitted in writing to using methamphetamine on December 8, 2025.

On December 12, 2025, the defendant failed to attend an individual substance abuse counseling appointment at Canoe Counseling in San Angelo, Texas.

PRAYING THAT THE COURT WILL ORDER a warrant be issued for the defendant so that he can be brought before the Court to show why his bond should not be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Robert Lopez, U.S. Pretrial Services Officer

Reviewed and approved:

Donald Rogan, Supervising
U.S. Probation Officer

Executed on December 23, 2025
Place: Plano

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| United States of America | ) |
|---|---|
| v. | ) |
| Jamie Lee Bloys | ) Case No. 4:25cr210-6-JDK-JDL |
| | ) |
| | ) |
| | ) |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* Jamie Lee Bloys ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment ❏ Superseding Indictment ❏ Information ❏ Superseding Information ❏ Complaint
❏ Probation Violation Petition ❏ Supervised Release Violation Petition ☑ Violation Notice ❏ Order of the Court

This offense is briefly described as follows:

18:3142(c)   Violation for Action on Conditions of Pretrial Release

Date: 12/29/2025

*Issuing officer's signature*

City and state: Sherman, TX

David A. O'Toole, Clerk
*Printed name and title*

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

**FILED**
February 11, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____kk_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Plaintiff.** § | |
| § | CRIMINAL NO. 1:26-MJ-167 |
| **v.** § | |
| § | *[EDTX No. 4:25-CR-210(6) JDK]* |
| **JAIME LEE BLOYS,** § | |
| § | |
| **Defendant.** § | |

## MOTION FOR DETENTION

Under Title 18, United States Code, Section 3141, et seq., the United States moves for pretrial detention and would respectfully show the Court the following:

1. **The pending case involves:**

   [ ]  (A)  A crime of violence

   [ ]  (B)  An offense for which the maximum sentence is life imprisonment or death.

   [X]  (C)  An offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act.

   [ ]  (D)  A felony committed after Defendant had been convicted of 2 or more prior offenses described in 18 U.S.C. §§ 3142(f)(1)(A)-(C) or comparable state or local offense.

   [ ]  (E)  A felony (not a crime of violence) that involves: a minor victim; possession or use of a firearm, destructive device, or dangerous weapon; or failure to register (18 U.S.C. § 2250).

   [X]  (F)  A serious risk that Defendant will flee.

   [ ]  (G)  A serious risk that Defendant will obstruct or attempt to obstruct justice, or attempt to threaten, injure or intimidate a prospective witness or juror.

2. **A <u>rebuttable presumption</u> arises that no condition or combination of conditions will reasonably assure the appearance of Defendant as required AND the safety of any other person and the community, because there is probable cause to believe that:**

   [X]  (A)  Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act or the Maritime Drug Law Enforcement Act.

[ ]   (B)   Defendant committed an offense under 18 U.S.C. § 924(c), 956(a), or 2332b.

[ ]   (C)   Defendant committed an offense involving a minor victim under 18 U.S.C. § 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

3.   **No condition or combination of conditions will:**

[X]   (A)   Reasonably assure the appearance of Defendant as required.

[X]   (B)   Reasonably assure the safety of the community or any other person.

4.   **So that the United States can prepare for said hearing, the United States moves that the detention hearing be continued for**

[ ]   Up to three (3) days, pursuant to 18 U.S.C. § 3142(f).

[X]   Up to ten (10) days, pursuant to 18 U.S.C. § 3142(d), because Defendant may flee or pose a danger to another person or the community and:

   [X]   (A)   Defendant committed the charged offense while released pending trial or sentence, or while on probation or parole.

   [ ]   (B)   Defendant is not a citizen of the United States or lawfully admitted for permanent residence.

The United States may offer additional reasons for detention other than those indicated above as the investigation proceeds and new information becomes available.

WHEREFORE, PREMISES CONSIDERED, the Government requests that Defendant be held without bond.

Respectfully submitted,

JUSTIN R. SIMMONS
United States Attorney

By:   */s/ Matthew Devlin*
_____
MATTHEW DEVLIN
Assistant United States Attorney

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**FILED**
**FEB 11 2026**
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| USA | § |
| | § Case Number: AU:26-M-00167(1) |
| vs. | § |
| | § Charging District Case No.: |
| (1) Jamie Lee Bloys | § ED/TX: 4:25 cr 210-6 |
| *Defendant* | § |

### Waiver of Rule 5 & 5.1 Hearing
(Complaint/Indictment)

I understand that I have been charged in another district, the .
I have been informed of the charges and of my rights to:
(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2) an identity hearing to determine whether I am the person named in the charges;
(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise —unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
(5) a hearing on any motion by the government for detention;
(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

(✓)  an identity hearing and production of the warrant.

( )  a preliminary hearing.

( )  a detention hearing.

( )  an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
(1) Jamie Lee Bloys, *Defendant*

2/11/26
_____
Date

_____
*Counsel for Defendant*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

USA §
§
vs. § NO: AU:26-M -00167(1)
§
(1) Jamie Lee Bloys §

**COMMITMENT TO ANOTHER DISTRICT**

The defendant has been ordered to appear in the ___Eastern___ District of ___Texas, Sherman Division___.

The defendant may need an interpreter for this language: ___No___.

The defendant: [X] will retain an attorney.

[ ] is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

SIGNED this 11th day of February, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE